UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

WILLIAM SPENCER, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

ATLANTIC DEVELOPMENT
SYSTEMS, LLC, a Florida Corporation,
and MONROE A. MOORE,
individually, jointly and severally

    Defendants.
_____/

**COLLECTIVE ACTION**

## COMPLAINT

1. Plaintiff, WILLIAM SPENCER (hereinafter referred to as "Plaintiff" and "SPENCER"), is an individual residing in Brevard County, Florida.

2. Defendant, ATLANTIC DEVELOPMENT OF COCOA, INC. (hereinafter referred to "ATLANTIC DEVELOPMENT"), is a Florida Corporation with an office based at 2185 West King Street, Cocoa, Florida 32926, in Brevard County, Florida, within the jurisdiction of this Court, whose primary business at all times material to this Complaint has been providing building construction services in various locations throughout the state of Florida.

3. Defendant, MONROE A. MOORE, is an individual residing in Brevard County, Florida within the jurisdiction of this Court.

4. Plaintiff brings this action on behalf of himself[1] and other current and former Construction laborersemployed by ATLANTIC DEVELOPMENT OF COCOA, INC., and MONROE A. MOORE, (collectively referred to as "Defendants") similarly situated to Plaintiff

---

[1] Incorporated in this Complaint is Plaintiff SPENCER's electronically signed consent to join this action.

for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

5. More specifically, this action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other similarly situated Construction laborersemployed by Defendants.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §216(b) and 29 U.S.C. §1337.

7. All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Middle District of Florida.

8. In or around approximately August 2016, Defendants hired Plaintiff as a pipelayer on an hourly basis.

9. Throughout the course of Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately July 2016 and May 2019, Defendants compensated Plaintiff on an hourly basis at a regular rate of $17.00/hour.

10. During the three (3) year statute of limitations period between approximately July 2016 and May 2019, Plaintiff's primary duties for Defendants were non-exempt in nature, consisting of driving a company work truck for Defendants throughout Brevard and neighboring counties to travel to and from ATLANTIC DEVELOPMENT job sites at various customer locations.

11. At all times material to this Complaint, ATLANTIC DEVELOPMENT has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

12. Based upon information and belief, the annual gross sales volume of ATLANTIC DEVELOPMENT has been in excess of $500,000.00 per annum at all times material to this Complaint.

13. At all times material to this Complaint, ATLANTIC DEVELOPMENT has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

14. At all times material to this Complaint, MONROE A. MOORE has managed and/or operated ATLANTIC DEVELOPMENT and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of ATLANTIC DEVELOPMENT.  By virtue of such control and authority, MONROE A. MOORE is an employer and/or joint-employer of Plaintiff and the other similarly situated employees as defined by the FLSA, 29 U.S.C. §203(d).

15. The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt, hourly construction laborers who have worked for Defendants in one or more weeks between July 2016 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

16. Plaintiff regularly worked in excess of Forty (40) hours per week in one or more work weeks during his employment with Defendants within the three (3) year statute of limitations period between approximately July 2016 and May 2019.

17. Likewise, the other non-exempt, hourly construction laborers of Defendants who are similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between July 2016 and the present.

18. However, Defendants have not paid time and one-half wages for all of the actual overtime hours worked by Plaintiff and the other similarly situated construction laborers for all of their actual overtime hours worked for Defendants within the three (3) year statute of limitations period between July 2016 and the present.

19. Instead, in numerous work weeks between July 2016 and the present, Defendants have willfully failed to comply with the requirements of the FLSA by, *inter alia*: (a) failing to maintain contemporaneous records of the actual start times, stop times, and total hours worked each week by Plaintiff and Defendants' other non-exempt, hourly construction laborers; and (b) failing to pay any compensation at all for overtime hours worked by Plaintiff and those construction laborers similarly situated to him as a result of work being performed which Defendants willfully refused to credit as compensable work time during the following periods: (i) travel time to and/from Defendant's office each day after stopping to pick up materials and work assignments; (ii) travel time each day between the last customer location of the day and the construction laborers returning to Defendants' offices to drop of paperwork required by Defendants and to pick up materials and work assignments; and (iii) continuously working through the day despite Defendants automatically deducting 30 minutes per day from each construction laborer's compensable time for a meal break without regard as to whether the employee actually takes the break. Plaintiff and all similarly situated construction laborers are not always able to take an uninterrupted 30 minute meal break as a result of customer demands, company workload and company time constraints.

20. Based upon information and belief, records of at least some of the hours worked by Plaintiff and the other similarly situated construction laborers of Defendants in one or more work weeks within the three (3) year statute of limitations period between July 2016 and the

present are in the possession, custody, and/or control of Defendants.

21. The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated construction laborers of Defendants between July 2016 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff, WILLIAM SPENCER, readopts and realleges the allegations contained in Paragraphs 1 through 21 above.

23. Plaintiff is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately July 2016 and the end of his employment.

24. All similarly situated construction laborers of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between July 2016 and the present.

25. Defendants have knowingly and willfully failed to pay Plaintiff and the other construction laborers similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between July 2016 and the present.

26. At all times material to this Complaint, ATLANTIC DEVELOPMENT and MONROE A. MOORE had actual notice and personal knowledge that their compensation practices did not provide Plaintiff and Defendants' other non-exempt construction laborers with

time and one-half wages for all of their actual overtime hours worked between July 2016 and the present based upon, *inter alia*: (a) MONROE A. MOORE facilitating the creation, oversight, and administration of Defendants' unlawful compensation practices that intentionally did not compensate Plaintiff and other non-exempt construction laborers for the full extent of their actual overtime hours worked for the benefit of Defendants; and (b) Plaintiff's and other employees' complaints to MONROE A. MOORE about Defendants' failure to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week for Defendants.

27. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those construction laborers similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

28. Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated construction laborers for Defendants, as a result of which Plaintiff and those construction laborers similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

29. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

30. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, WILLIAM SPENCER, and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, ATLANTIC DEVELOPMENT OF COCOA, INC., and MONROE A. MOORE, for the payment of all unpaid overtime compensation, liquidated

damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, William Spencer, hereby consent and agree and opt-in to become a plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*s/William Spencer*
WILLIAM SPENCER

Dated: July 2, 2019
Plantation, Florida                           Respectfully submitted,


                                              *s/Robert S. Norell*
                                              Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                              E-Mail: rob@floridawagelaw.com
                                              **ROBERT S. NORELL, P.A.**
                                              300 N.W 70th Avenue
                                              Suite 305
                                              Plantation, Florida 33317
                                              Telephone: (954) 617-6017
                                              Facsimile:  (954) 617-6018
                                              *Counsel for Plaintiff*